UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALEXANDER STROSS, | | |
| Plaintiff, | | Docket No. 1:18-cv-11204 |
| - against - | | JURY TRIAL DEMANDED |
| MENTAL FLOSS, INC. | | |
| Defendant. | | |

## COMPLAINT

Plaintiff Alexander Stross ("Stross" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant Mental Floss, Inc ("Mental" or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright

Act; and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photographs of homes in Texas,

owned and registered by Stross, a professional photographer. Accordingly, Stross seeks

monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101

*et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Stross is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business in Austin, Texas.

6.       Upon information and belief, Mental is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business 55 West 39th Street, New York, NY 10018. Upon information and belief Mental is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Mental has owned and operated a website at the URL: http://mentalfloss.com (the "Website").

## STATEMENT OF FACTS

### A.       Background and Plaintiff's Ownership of the Photographs

7.       Stross photographed homes in Texas (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8.       Stross placed a copyright notice on the Photographs stating "© Alexander Stross".

9.       Stross is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.       The Photographs were registered with the United States Copyright Office and was given registration number VAu 1-089-810 and titled "lano exit strategy-8," and "lano exit strategy-32." See Exhibit B.

### B.       Defendant's Infringing Activities

11.     Mental ran an article on the Website titled *Best Friends Build Own Private Neighborhood to Be Together Forever.* See URL http://mentalfloss.com/article/65665/best-friends-build-own-private-neighborhood-be-together-forever. The article prominently featured the Photographs. A true and correct copy of the article and screenshots of the Photographs on the article are attached hereto as Exhibit C.

12.     Mental did not license the Photographs from Plaintiff for its article, nor did Mental have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Mental infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Mental is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

21.     Upon information and belief, Mental intentionally and knowingly removed the copyright notice on one of the Photographs identifying Plaintiff as the photographer of the Photographs.

22.     The conduct of Mental violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Mental's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Mental intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Mental also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

25.     As a result of the wrongful conduct of Mental as alleged herein, Plaintiff is entitled to recover from Mental the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Mental because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Mental statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Mental be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Mental be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.     That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.     That Plaintiff be awarded pre-judgment interest; and

8.     Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 2, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Alexander Stross*